## LUELLEN *v.* CLAUSSEN.

---

PATENTS; INTERFERENCE; BURDEN OF PROOF; CONCEALMENT AND
SUPPRESSION OF INVENTION; ORIGINALITY.

1. Where one of the parties to an interference was in possession of a regularly issued patent when the other party filed his application, the burden of proof is heavily upon the other party.

2. Where one of the parties to an interference reduced to practice nearly four years and a half before the other was granted a patent, and then filed his application, his rights are subordinated to those of such other party, because of his deliberate concealment and suppression of the invention, and the patentee is entitled to the award of priority. (Following *Mason* v. *Hepburn,* 13 App. D. C. 86; *Matthes* v. *Burt,* 24 App. D. C. 265; *Howard* v. *Bowes,* 31 App. D. C. 619, and *Dieckmann* v. *Brune,* 37 App. D. C. 399.)

3. One of the parties to an interference cannot defeat an award of priority to the other party by showing that the latter derived his invention from a third party. (Following *Foster* v. *Antisdel,* 14 App. D. C. 552, and *Pope* v. *McKenzie,* 38 App. D. C. 111, and distinguishing *Lemp* v. *Randall,* 33 App. D. C. 430.)

No. 965. Patent Appeals. Submitted March 10, 1915. Decided April 5, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Clifford E. Dunn* for the appellant.

*Mr. Albert H. Walker* and *Mr. Charles C. Stauffer* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding.

The subject-matter of the invention is an ornamental design for a paper cup. The application of Edward E. Claussen and Emil A. Claus was filed December 30, 1911, and a patent was granted thereon May 14, 1912. On July 11, 1912, the appellant, Lawrence W. Luellen, filed his application. Inasmuch, therefore, as the appellees already were in the possession of a regularly issued patent when Luellen filed his application, the burden of proof is heavily upon him in this proceeding. The Examiner of Interferences, after an exhaustive review of the evidence, ruled that Luellen reduced the invention to practice in December of 1907, but that his rights were subordinated to those of Claussen and Claus by reason of his suppression of the invention. The Examiners in Chief, after calling attention to the fact that "Luellen admittedly did not take steps toward the filing of his application in issue until after he had become aware of the commercial activity of his opponent," accepted the finding of the Examiner of Interferences that the invention had been suppressed. The First Assistant Commissioner observed that "neither of these inventors is entitled broadly to claim a design for a cup made of a single piece of paper, the cup having sloping walls of creased paper and a flange at its upper edge, as stated by the Examiners in Chief. Such a cup was old in the art long before either of these inventors entered the field." Con-

sidering the early cups upon which Luellen based his claim to priority, the Assistant Commissioner reached the conclusion that they showed nothing more than the prior art, and therefore that Luellen must be restricted to his filing date. The Assistant Commissioner, however, further suggested that, even if it be assumed that Luellen did produce in 1907 or 1908 something patentably different from the prior art, the conclusions of the lower tribunals that he had secreted and suppressed the same until after the Claussen and Claus patent were correct.

Assuming, without deciding, that Luellen reduced the invention to practice in 1907 or early in 1908, we fully agree with the Patent Office tribunals that his rights became subordinated to those of the appellees, because of his deliberate concealment and suppression of the invention. *Mason* v. *Hepburn,* 13 App. D. C. 86; *Matthes* v. *Burt,* 24 App. D. C. 265; *Howard* v. *Bowes,* 31 App. D. C. 619; *Dieckmann* v. *Brune,* 37 App. D. C. 399. The evidence upon this point has been so fully reviewed by the Examiner of Interferences that further analysis is unnecessary.

It is insisted, however, in behalf of Luellen, that the testimony of one of his witnesses shows that Claussen and Claus derived the invention from a Mr. House, whose conception was subsequent to that of Luellen, and, arguing from that postulate, they contend that Claussen and Claus are not inventors at all, and hence have no standing in this proceeding. In *Foster* v. *Antisdel,* 14 App. D. C. 552, the same contention was made and rejected, the court observing that the interference proceeding "was instituted to determine, as between the parties to it, which of them is entitled to priority of the invention claimed," and that evid. .ce that some other party than the parties to the pending proceeding is the real inventor is impertinent to the issue. This ruling has since been followed. *Pope* v. *McKenzie,* 38 App. D. C. 111. *Lemp* v. *Randall,* 33 App. D. C. 430, is not in conflict with these decisions. There it was contended that evidence of the alleged joint inventors, Randall and Bates, showed that they were not in fact such inventors, but that the invention was the sole production of Randall. In other words,

it was in effect contended that Randall and Bates had admitted that they were without standing in the proceeding by reason of the fact that they were not joint inventors. There was no attempt, as we pointed out, "to show that the right to the award of priority was in a third party, an alien to the proceeding, but that the senior parties to the proceeding were without standing, because it appeared that they were not joint inventors." The question for determination in the present case is which of the parties thereto is entitled to the award of priority, and the question whether a third party may subsequently defeat the successful party here is beside the issue and may not be raised.

Moreover, even if we should consider the evidence in reference to the House cup the result would be the same, since we fully agree with the Commissioner's ruling that that cup is not as near the issue here as were the cups of the prior art.

The decision is affirmed. *Affirmed.*